UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


**KENNETH KEENER**                                                    **PLAINTIFF**

**vs.**                              **Civil No. 4:07-cv-04081**

**DOMTAR INDUSTRIES, INC.**                                          **DEFENDANT**
**a foreign corporation**

<u>**MEMORANDUM OPINION**</u>

Plaintiff, Kenneth Keener (hereinafter "Keener") filed this civil rights action pursuant to 42 U.S.C. § 2000e on September 7, 2007.  (Doc. 1).[1]  Defendant, Domtar Industries, Inc. (hereinafter "Domtar") answered.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (Doc. 14).  Domtar has moved for Summary Judgment (Doc. 22) and Keener has responded to that Motion (Doc. 25).[2]  The matter is now ripe for decision.

### I.  <u>Background</u>

<u>A.  The 2004 Case</u>:   In 2004, Keener filed suit against Domtar alleging religious discrimination in the workplace. (hereinafter "2004 case").  Keener had worked for Domtar for more than thirty (30) years.  In 1992 he became the pastor at a church near his hometown.  Because Keener worked on rotating shifts at Domtar's Ashdown, Arkansas, plant he was scheduled to work

---

[1] Citations to docket entries in the instant case will be "(Doc. ___)."

[2] At the hearing on Domtar's motion for Summary Judgment held April 8, 2009, Keener requested leave to file a sur-reply to the Motion for Summary Judgment.  Keener was allowed until April 13, 2009, to file any sur-reply. *See*, Minute Entry for April 8, 2009 hearing, (Doc. 30).  Keener has failed to file any additional response to the Motion for Summary Judgment.

periodically on sundays, days when he was also scheduled to provide church services at his church. Domtar allowed Keener to switch shifts with other willing employees on those days when he had a conflict between his duties as a pastor and his employment.  This accommodation worked well until about 2002 when the employee, Teddy Ayers,  who routinely switched shifts with Keener retired.  Thereafter, no other Domtar employees would agree to switch shifts with Keener.  Pursuant to the collective bargaining agreement in effect at all times relevant to the 2004 case and the present case, Domtar could not force a shift change on one employee to accommodate another employee's request.[3]

Following Mr. Ayers's retirement, Keener had to choose between (1) working on sundays when scheduled, (2) taking vacation time on Sunday's when he was scheduled to work, or (3) failing to show up as scheduled on Sunday's and thereby accumulating disciplinary points, which could lead to adverse employment action by Domtar.   On February 9, 2004, Keener filed suit in this Court, alleging Domtar was in violation of the Civil Rights Act of 1964 in that it had "denied any accommodations whatsoever" to Keener in regard to his request for shift changes on Sunday mornings.[4]

On March 28, 2006, the case proceeded to trial.   After a three-day trial the matter was submitted to the jury.  On March 30, 2006, the jury found in favor of Domtar on the religious discrimination claim made by Keener.[5]  The issue of damages was not reached.  On May 3, 2006,

---

[3]*See* Motion for Summary Judgment, Exhibit B, p. 142.

[4]*See Keener v. Domtar*, No. 4:04-cv-4021 (W.D. Arkansas 2004).

[5]*See Keener*, No. 4:04-cv-4021 (Doc. 51).

the Court denied Keener's Motion for Judgment Notwithstanding the Verdict and/or New Trial.[6] The Court in ruling on this Motion specifically found the evidence presented at trial legally sufficient to support the jury verdict in Domtar's favor, and that the verdict was not against the weight of the evidence. Keener did not appeal this verdict.

B. The 2007 Case. On September 7, 2007, Keener filed the instant law suit. (Doc. 1). In this action he again alleges religious discrimination in the workplace in violation of the Civil Rights Act of 1964. Again, the alleged discrimination is Domtar's failure to accommodate his request not to work on Sunday mornings. The instant case alleges continued acts of discrimination occurring subsequently to the jury verdict in the 2004 case. Keener admits the conduct of Domtar, in allegedly failing to accommodate him, are simply different occurrences of the exact conduct he complained about in the 2004 case. Keener also admits that other than the passage of time the only difference between the claims in the 2004 case and the instant case is that his damage calculation would be different now because he has accumulated additional disciplinary points for missing work on Sunday mornings. In the instant case Keener also makes an allegation of the creation of a hostile work environment as the result of harassment for his "sincerely and closely held religious beliefs." Finally, Keener appears to claim retaliation for his filing the 2004 case. Each of these issues is addressed below. At all times relevant to these proceedings Keener has been employed at Domtar.

Domtar has moved for Summary Judgment asserting Keener's religious discrimination and harassment claims are barred by *res judicata* and collateral estoppel. Domtar also asserts the retaliations claim is subject to dismissal for failure to establish a *prima face* case. Keener responds asserting his claims all arose after the jury verdict in the 2004 case and thus are different claims than

---

[6]*See Keener*, No. 4:04-cv-4021 (Doc. 55).

those asserted in the earlier trial.  Keener does not specifically address the Motion for Summary
Judgment as it relates to his retaliation claim.

## II. <u>Summary Judgment Standard</u>

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in
the light most favorable to the nonmoving party, the record "show[s] that there is no genuine issue
as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed.
R. Civ. P. 56(c).  "Once a party moving for summary judgment has made a sufficient showing, the
burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence,
showing that a genuine issue of material fact exists."  *National Bank of Commerce v. Dow Chemical
Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical
doubt as to the material facts."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
(1986).   "They must show there is sufficient evidence to support a jury verdict in their favor."
*National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).
"A case founded on speculation or suspicion is insufficient to survive a motion for summary
judgment."  *Id.*, at 610 (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).  A genuine issue
of material fact exists where there is "sufficient evidence favoring the nonmoving party for a jury
to return a verdict for that party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  If no
reasonable jury could render a verdict for the nonmoving party, summary judgment should be
granted.  *See Taylor v. White*, 321 F.3d 710, 715 (8th Cir. 2003).

When the moving party submits evidence supporting its motion for summary judgment the
party opposing the motion must not rest on mere allegations, but must set forth specific facts
establishing a genuine issue for trial.  See *Anderson*, 477 U.S. at 256.  Local Rule 56.1(a)  provides

-4-

that the party moving for summary judgment shall submit a statement of facts not in dispute along with its motion for summary judgment. Local Rule 56.1(c) provides all material facts set out in the moving party's statement of facts shall be deemed admitted unless controverted by the non-moving party. If the non-moving party fails to respond and set out facts demonstrating the existence of a material issue of fact, summary judgment should be entered. *See* F.R.Civ.P 56 (e)(2).

## III.  Discussion

### A.  Facts not in Dispute:

The following facts are not in dispute, in that they were set out in the parties' statement of facts and remain uncontroverted by the opposing party.

1. Keener filed suit against Domtar in this Court, Cause No. 4:04-cv-4021, on February 9, 2004, claiming religious discrimination. *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment; and Doc. 26, Keener's Statement of Facts in Opposition to Summary Judgment.

2. A jury verdict was returned in favor of Domtar on March 30, 2006, finding no religious discrimination. The Court entered Judgment in favor of Domtar. *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

3. Based on a collective bargaining agreement, Domtar allowed Keener, to swap shifts with willing co-employees, to accommodate his request to be off work on Sunday mornings. *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

4. Keener swapped shifts with Mr. Teddy Ayers until 2002, when Mr. Ayers retired. *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

5. There are four operators running machine #17 on three rotating shifts. *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

6. When Keener swaps shifts with a co-worker, Domtar pays the co-worker the same wages

it pays Keener.  Keener is the highest paid employee in his department.  *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

7.  Keener receives six weeks paid vacation each year.  *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

8.  Domtar cannot force a co-employee to swap shifts with Keener.  *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

9.  Keener is still employed at Domtar.  *See* Doc. 23, Domtar's Statement of Facts in Support of Summary Judgment.

10.  Keener may take vacation time in one week intervals. *See* Doc. 26, Keener's Statement of Facts in Opposition to Summary Judgment.

**B.  Res Judicata:**

Domtar first asserts Keener's claims are barred by *res judicata* or claim preclusion.  The doctrine of *res judicata* prevents the relitigation of claims that have been previously litigated or that could have been previously litigated.  To establish that a claim is barred by *res judicata* a party must establish five (5) elements:

(1) the first suit resulted in a final judgment on the merits;

(2) the first suit was based on proper jurisdiction;

(3) both suits involve the same parties (or those in privity with them);

(4) both suits are based upon the same claims or causes of action; and

(5) the party against whom *res judicata* is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

*See Rutherford v. Kessel*, 560 F.3d 874, 877 (8th Cir. 2009)(citing *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir.1998)).  The United States Court of Appeals for the Eighth Circuit has

concluded that "[i]n the final analysis the test would seem to be whether the wrong for which redress is sought is the same in both actions." *Costner*, 153 F.3d at 674 (quotations omitted).  As described below Keener's claim of religious discrimination is barred by *res judicata*.

1.  <u>Final Judgment on the Merits</u>:  This element is satisfied.  The 2004 case resulted in a jury verdict in favor of Domtar.  The District Court entered a final judgment based on that verdict. Keener did not appeal the verdict or judgment and was in fact ordered to pay costs of court.

2.  <u>Jurisdiction of the Court in the 2004 Case</u>:  This element is satisfied.  Keener chose to file suit in this Court in the 2004 case and again in the instant case.  He has expressly invoked the jurisdiction of this Court in both cases.  Both parties submitted to the jurisdiction of this Court in the 2004 case, proceeded to trial and never objected to the jurisdiction of the Court in that case. Further, as Keener notes in his complaint in the 2004 case and in the instant case,  "jurisdiction is conferred to this Court by Title VII of the Civil Rights Act of 1964 (as amended) as this cause of action pertains to a federal question."

3.  <u>Same Parties or their Privies</u>:  This element is satisfied.  The instant case has identical parties to the 2004 case.  Keener still works for Domtar at its Ashdown, Arkansas, plant.

4.  <u>Same Claims of Causes of Action</u>:   This element is satisfied.  In the 2004 case Keener complained that he worked a rotating shift schedule.  This work schedule requires Keener to work on Sunday morning two (2) of every four (4) weekends.  He filed suit because on the weekends he was scheduled to work Sunday mornings, Domtar would assess disciplinary points against him if he failed to show up for work.  Keener alleged this was religious discrimination and that Domtar should make an accommodation to allow him to attend church services without accruing the disciplinary points.  He alleged that Domtar's assessment of disciplinary points for his missing work on sundays was religious discrimination.  All hourly wage employees who perform shift work are on the same

schedule as Keener. The Court, in the 2004 case, submitted this issue to a jury which found: "On the religious discrimination claim of plaintiff Kenneth Keener, as submitted in Instruction no. 8, we find in favor of: Domtar."[7]

Keener asserts there is no *res judicata* or claim preclusion here because the complained of acts are "separate incidents." At the hearing on the Motion for Summary Judgment, counsel for Keener acknowledged that the only difference in the claims made in the 2004 case and the instant case is the timing of the alleged acts of discrimination. The actual actions of Domtar are the same, based on the same policy and contract agreements. Keener simply alleges that Domtar has continued the same course of conduct following the verdict in the 2004 case. Mr. Keener himself has testified that his complaint in this case is the exact complaint he made in the prior law suit. Specifically he testified at his deposition on March 18, 2009:

Q:    Okay.  What specific accommodation do you want from Domtar?

A:    I have been seeking Sunday off, and when I said Sunday off, I have been seeking ... When I've been scheduled to work Sunday morning, to be off.  That's what I've been seeking.

**Q:    That's what you sought in the first lawsuit correct?**

**A:    That's what I was seeking in the first lawsuit.**

*See* (Doc. 27)  Supplement to Motion for Summary Judgment, Exhibit H,  Keener Deposition, p. 24 line 17-25.

**Q:    And that's the same thing you wanted in the first lawsuit?**

**A:    Pretty much.**

*See* (Doc. 27)  Supplement to Motion for Summary Judgment, Exhibit H,  Keener Deposition, p. 25

---

[7]*See Keener v. Domtar*, No. 4:04-cv-4021 (Doc. 51).

line 16-18.  It is clear that Keener's claim of religious discrimination in the instant case is exactly the same as the claim he asserted in the 2004 case.

5.  <u>Notice and Opportunity to be Heard</u>:  This element is satisfied.   Here Keener had opportunity to be heard and in fact presented his claims to a jury.  The jury returned a verdict against Keener.  He had ample and fair opportunity to be heard on his claim of religious discrimination.

All of the elements of *res judicata* or claim preclusion are satisfied in this case.  Domtar's Motion for Summary Judgment on Keener's claim of religious discrimination should be granted on this basis.

Similarly Keener's claim of harassment by the creation of a hostile work environment is barred by *res judicata*.  As Keener's own handwritten notes show, that he believed he was being subjected to a hostile work environment as early as 2005, more than a year before the trial and verdict in the 2004 case.  *See* (Doc. 27)  Supplement to Motion for Summary Judgment, Exhibit I, Keener's handwritten notes dated December 2005.  The doctrine of *res judicata* applies with equal force to issues that could have been raised in a prior action.  *See Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs*., 533 F.3d 634, 639 (8th Cir.2008).   Keener's claim of harassment is barred by *res judicata*.

<u>C.  Collateral Estoppel</u>:

Domtar also asserts Keener's claims of religious discrimination are barred by collateral estoppel or issue preclusion.  Collateral estoppel has five elements:

(1) the party sought to be precluded in the second suit must have been a party, or in privity with a party, to the original lawsuit;

(2) the issue sought to be precluded must be the same as the issue involved in the prior action;

(3) the issue sought to be precluded must have been actually litigated in the prior action;

(4) the issue sought to be precluded must have been determined by a valid and final judgment; and

(5) the determination in the prior action must have been essential to the prior judgment.

*See Olsen v. Mukasey*, 541 F.3d 827 (8th Cir. 2008). "Collateral estoppel does not apply if controlling facts or legal principles have changed significantly since . . . [the] prior judgments. Collateral estoppel is designed to prevent repetitious lawsuits over matters which have once been decided ***and which have remained substantially static, factually and legally***." *Olsen,* 541 F3d at 831 (citations omitted)(emphasis added). The analysis of collateral estoppel in this case is similar to the analysis of Domtar's claim of *res judicata*.

1. <u>Same Parties or their Privies</u>: This element is satisfied. The instant case has identical parties to the 2004 case. Keener still works for Domtar at its Ashdown, Arkansas, plant.

2. <u>Same Issues Litigated</u>: This element is satisfied. As noted above, Keener admits that the issues before the court in the instant case are the same as those decided by the jury in the 2004 case. Neither party asserts that the legal standards regarding religious discrimination have changed since the 2004 case was decided.

3. <u>Issues Actually Litigated</u>: This element is satisfied as the exact same claim of religious discrimination was tried to a jury in the 2004 case.

4. <u>Final Judgment Entered</u>: This element is satisfied as the Court entered final judgment in favor of Domtar. Keener did not appeal.

5. <u>Prior Issue Essential to Prior Judgment</u>: This element is satisfied, as the issue submitted to the jury in the 2004 case and the issue of religious discrimination in instant case are identical.

All of the elements of collateral estoppel or issue preclusion are satisfied in this case.

Domtar's Motion for Summary Judgment regarding Keener's claim of religious discrimination should be granted on this basis as well.

### C.  The Retaliation Claim

Keener claims that Domtar retaliated against him in the workplace because he filed the 2004 case. To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that (1) he engaged in statutorily protected conduct, (2) defendants took an adverse employment action against him, and (3) there was a causal link between the two actions.  *See McCullough v. University of Arkansas for Medical Sciences* 559 F.3d 855, 864 (8th Cir. 2009).  If a plaintiff establishes  a *prima facie* case of retaliation, the burden shifts to the employer to proffer a legitimate, non-retaliatory basis for the adverse employment action.  If the employer can show a non-retaliatory basis for any adverse employment action, the burden shifts back to the plaintiff to show that the employer's proffered reason was a mere pretext for a retaliatory motive.  *See id.*

1. Protected Conduct:  Here Keener claims he engaged in protected conduct when he brought the 2004 case for employment discrimination.  For purposes of the Motion for Summary Judgment Domtar agrees Keener meets this element.

2. Adverse Action Against Plaintiff:  Keener must next establish Domtar took some adverse employment action against him as a result of the 2004 case.   To establish "an adverse employment action an employee must show a 'tangible change in duties or working conditions that constituted a material employment disadvantage.' "  *Burchett v. Target Corp*, 340 F.3d 510, 518, (8th Cir. 2003), citing *Moisant v. Air Midwest, Inc.*, 291 F.3d 1028, 1031 (8th Cir.2002) (quoting *Manning v. Metropolitan Life Ins. Co.*, 127 F.3d 686, 692 (8th Cir.1997)).

In this case, Keener claims retaliation because a supervisor was "watching" him and "invading his space" at the workplace.  He also claims other supervisors "looked" at him as they

-11-

walked through the workplace.  In his complaint he alleges "other employees are afraid to make policy-approved swaps with Reverend Keener for fear of retaliation themselves."

In a recent case from the Eastern District of Arkansas, District Judge William Wilson Jr., said this about the necessary element of an adverse employment action to establish the *prima facie* case of retaliation:

> The critical element in a retaliation claim is adverse employment action.  It is so critical that summary judgment is appropriate if a plaintiff fails to provide sufficient facts establishing an adverse employment action.  ***An adverse employment action is a "tangible change in duties or working conditions that constitute a material employment disadvantage."***  For example-a disciplinary warning is not an adverse employment action;  a poor performance rating is not an adverse action (unless a plaintiff shows a clear link to a detrimental result);  "an unfavorable evaluation is actionable only where the employer subsequently uses the evaluation as a basis to detrimentally alter the terms or conditions of the recipient's employment."

*Fuller v. Fiber Glass Systems*, LP, 2009 WL 737322, *1 (E.D. Ark., March 20, 2009)(citations omitted)(emphasis added).   In *Fuller* the plaintiff alleged (1) she was subjected to intimidating staring by her coworkers; (2) she was wrongly transferred to the rework division; and (3)  her supervisor became the target of Defendant's retaliation against Plaintiff.  Judge Wilson held that this conduct did not constitute an adverse employment action.

Similarly Keener alleges he was watched, stared at by supervisors, and that his co-workers were the subject of retaliation.  This Court agrees with the analysis in *Fuller*, none of these actions constitute a ***"tangible change in duties or working conditions that constitute a material employment disadvantage."***

Further, Keener has not met proof with proof as required by the rules governing summary judgments.  Pursuant to *Anderson v. Liberty Lobby*, and F.R.Civ. P. Rule 56, Keener must not rely on his pleadings and mere allegations, but must set forth specific facts establishing a genuine issue for trial.  Here, Keener has failed to set forth any facts supporting his claim of retaliation.  In his

response to the Motion for Summary Judgment, he does not even address the retaliation claim. Keener fails to meet the second element necessary to establish a *prima facie* case of retaliation.

3.  <u>Connection Between Protected Activity and Adverse Action</u>:   Keener's own notes indicate the alleged "harassment" occurred well before the trial in the 2004 case.  *See* (Doc. 27) Supplement to Motion for Summary Judgment, Exhibit I,  Keener's handwritten notes dated December 2005.  Even if the Court assumes Keener has established the first two elements of the *prima facie* case, he wholly fails to show any connection between the protected activity, filing the 2004 case, and anything that occurred after March 30, 2006, the date of the verdict in favor of Domtar in that lawsuit.

Keener fails to offer any evidence or facts supporting the second and third prong of the *prima facie* case of retaliation.  Accordingly Domtar's Motion for Summary Judgment on this issue should be granted.

## IV. <u>Conclusion</u>

The Court finds that Domtar's Motion for Summary Judgment should be **GRANTED**.  A Judgment will be entered in accord with this Memorandum opinion.

**IT IS SO ORDERED** this **1ˢᵗ day of May, 2009.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE

-13-